IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC LEBRON SPRINGS,** | : | |
| Petitioner | : | |
| | : | No. 1:20-cv-1229 |
| v. | : | |
| | : | (Judge Rambo) |
| **WARDEN H. QUAY,** | : | |
| Respondent | : | |

## MEMORANDUM

On July 17, 2020, *pro se* Petitioner Eric Lebron Springs ("Petitioner"), who is now incarcerated at the United States Penitentiary in Thomson, Illinois ("USP Thomson"), initiated the above captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a memorandum in support thereof (Doc. Nos. 1, 2) while he was incarcerated at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"). In his § 2241 petition, Petitioner argues that his convictions pursuant to 18 U.S.C. § 924(c) are unconstitutional in light of recent Supreme Court decisions because Hobbs Act robbery no longer qualifies as a crime of violence for purposes of § 924(c). (Doc. No. 1.) Petitioner also filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 3.) In an Order dated July 30, 2020, the Court granted Petitioner leave to proceed *in forma pauperis* and directed Respondent to file a response. (Doc. No. 6.)

Responded filed his response on August 19, 2020, asserting that Petitioner's § 2241 petition should be dismissed for lack of jurisdiction. (Doc. No. 9.) In an

Order dated August 28, 2020, the Court noted that, at that time, there were two (2) appeals directly relevant to Petitioner's argument pending before the United States Court of Appeals for the Third Circuit. (Doc. No. 10.) The Court stayed the above-captioned action pending the Third Circuit's decision in *United States v. Copes*, No. 19-1494, and *United States v. Corley*, No. 18-3633. (*Id.*)

On January 6, 2021, the Third Circuit held that Hobbs Act robbery qualifies as a crime of violence for purposes of convictions pursuant to 18 U.S.C. § 924(c). *See United States v. Monroe*, 837 F. App'x 898, 899 (3d Cir. 2021).[1] The Third Circuit held that "Hobbs Act robbery is still a crime of violence under the 'elements' prong' of § 924(c) because Hobbs Act robbery satisfies § 924(c)(3)(A) using the categorical approach." *Id.* A review of the docket in *Corley* indicates that on April 28, 2021, the Third Circuit granted the Government's motion for summary affirmance, and the mandate issued on May 20, 2021. *Corley*, No. 18-3633 (3d Cir.) (Doc. Nos. 62, 63.) Because *Copes* and *Corley* have been decided, the Court will lift the stay previously imposed in the above-captioned action and consider Petitioner's § 2241 petition.

---

[1] Copes' appeal was consolidated with the appeal filed by appellant Joseph Monroe. *Monroe*, 837 F. App'x at 899.

I.     BACKGROUND

In 2009, in the United States District Court for the Eastern District of Tennessee, Petitioner was convicted of five (5) counts of aiding and abetting Hobbs Act robbery and five (5) counts of using a firearm during and in the furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) & 1951. *See Springs v. United States*, No. 16-6425, 2017 WL 4315015, at *1 (6th Cir. Apr. 19, 2017). He was sentenced to 1,338 months of imprisonment. *Id.* The United States Court of Appeals for the Sixth Circuit affirmed Petitioner's convictions and sentence in 2012. *Id.*

In 2013, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *Id.* In 2016, while his § 2255 motion was still pending, Petitioner "filed a motion to supplement, arguing that his Hobbs Act robbery convictions are not crimes of violence, because *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates the residual clause in § 924(c)(3)(B)."[2] *Id.* The district court denied Petitioner's § 2255 motion and supplement. *Id.* In 2017, the Sixth Circuit denied Petitioner's application for a certificate of appealability, concluding that "*Johnson* did not invalidate the differently worded residual clause contained in § 924(c)(3)(B), which

---

[2] In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague under principles of due process. *Johnson*, 135 S. Ct. at 2563.

3

is narrower than the [Armed Career Criminal Act] residual clause invalidated by *Johnson*." *Id.* at *2.

In 2018, Petitioner filed a motion for leave to file a second or successive § 2255 motion, asserting that § 924(c)'s residual clause was unconstitutional in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).[3] *In re Springs*, No. 18-5554 (6th Cir.) (Doc. No. 1). On October 11, 2018, the Sixth Circuit denied Petitioner's motion, concluding that Petitioner's Hobbs Act robbery convictions qualified as predicate offenses under § 924(c)'s use-of-force clause. *Id.* (Doc. No. 10). On January 29, 2020, Petitioner filed another motion for leave to file a second or successive § 2255 motion, arguing that his § 924(c) convictions are unconstitutional in light of *Johnson* and *United States v. Davis*, 139 S. Ct. 2319 (2019).[4] *In re Springs*, No. 20-5100 (6th Cir.) (Doc. No. 1). On June 18, 2020, the Sixth Circuit denied Petitioner's motion, concluding that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)'s use-of-force clause. *Id.* (Doc. No. 11).

In his § 2241 petition, Petitioner asserts that he is actually innocent of violating § 924(c)(1)(A) because, as he argues, Hobbs Act robbery is not categorically a crime of violence under the elements clause. (Doc. No. 1 at 5.)

---

[3] In *Dimaya*, the Supreme Court held that the residual clause of the definition of "crime of violence" within 18 U.S.C. § 16 was unconstitutionally vague. *Dimaya*, 138 S. Ct. at 1210.

[4] In *Davis*, the Supreme Court held that § 924(c)(3)(B)'s residual clause, contained in the definition of a crime of violence, was unconstitutionally vague. *Davis*, 139 S. Ct. at 2323-24.

Plaintiff argues that this is so because the "offense can be committed by causing fear of future injury to property which does not require 'physical force' within the meaning of § 924(c)(3)." (*Id.*)  As relief, Petitioner seeks for his convictions and sentences under § 923(c) to be vacated. (*Id.* at 8.)

**II.   DISCUSSION**

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court, which is "already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *see also Russell v. Martinez*, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").  Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, buy filing a petition pursuant to 28 U.S.C. § 2241 in the district court for the federal judicial district where he is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 443-44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." *See Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395,

5

395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief.  *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).  Nor is a § 2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] § 2244 and § 2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court." *See Miller v. United States*, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), *report and recommendation adopted*, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020).  Moreover, "§ 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements."  *See Long v. Fairton*, 611 F. App'x 53, 55 (3d Cir. 2015) (citing *Dorsainvil*, 119 F.3d at 251).  The Third Circuit:

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review.  And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255."  Stated differently, the prisoner has "had no

6

earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

*Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017) (quoting *Dorsainvil*, 119 F.3d at 251).  If a petitioner improperly challenges a federal conviction or sentence under § 2241, the § 2241 petition must be dismissed for lack of jurisdiction.  See *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002).

Here, Petitioner challenges his convictions and sentences under § 924(c), asserting that they must be vacated because Hobbs Act robbery does not qualify as a crime of violence for purposes of that statute.  Petitioner, however, has not met his burden of demonstrating that a motion under § 2255 is inadequate or ineffective to challenge the legality of his detention.  Moreover, Petitioner's claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid.  As noted *supra*, the Third Circuit has unequivocally held that "completed Hobbs Act robbery necessarily has as an element the use, attempted use, or threatened use of physical force against the person or property of another and is therefore categorically a crime of violence [following *Davis*]."  *United States v. Walker*, 990 F.3d 316, 326 (3d Cir. 2021). Likewise, aiding and abetting Hobbs Act robbery meets the statutory definition for a crime of violence pursuant to § 924(c)(3)(A).  See *United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019) (noting that "[a]iding and abetting is not a separate crime, but rather an 'alternative charge that permits one to be found guilty as a

7

principal for aiding or procuring someone else to commit the offense'"). Petitioner, therefore, may not rely upon § 2241 to raise his claim that he is actually innocent of violating § 924(c). Thus, the Court will dismiss Petitioner's § 2241 petition for lack of jurisdiction.

### III. CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed for lack of jurisdiction without prejudice to Petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements set forth in 28 U.S.C. §§ 2244 and 2255(h), as they may apply. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary. An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: June 9, 2021